01

02

03

04

05                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
06                                        AT SEATTLE

07   JAMES WILLIAM GATES,                    )
                                             )       CASE NO. C14-1445-RAJ
08              Plaintiff,                   )
                                             )
09        v.                                 )
                                             )       ORDER RE: SOCIAL SECURITY
10   CAROLYN W. COLVIN, Acting               )       DISABILITY APPEAL
     Commissioner of Social Security,        )
11                                           )
                                             )
                Defendant.                   )
12   _____)

13          Plaintiff James Gates proceeds through counsel in his appeal of a final decision of the

14   Commissioner of the Social Security Administration (Commissioner).   The Commissioner

15   denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an

16   Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative

17   record (AR), and all memoranda of record, this matter is AFFIRMED.

18                          **FACTS AND PROCEDURAL HISTORY**

19          Plaintiff was born on XXXX, 1971.[1]   He completed high school and attended college

20   _____

21          [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule
     of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic
     Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United
22   States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

01   for one semester.  (AR 90.)  He most recently worked a waiter and a restaurant host.  (AR 83.)

02     Plaintiff applied for DIB on February 28, 2009.  (AR 119.)  That application was

03   denied initially and on reconsideration.  (AR 156, 167).  Plaintiff timely requested a hearing.

04   (AR 173-75.)

05     On March 10, 2011, ALJ Verrell Dethloff held a hearing in Seattle, WA, taking

06   testimony from Plaintiff and his mother.  (AR 5-79.)  On March 30, 2011, the ALJ issued a

07   decision finding Plaintiff not disabled.  (AR 123-55.)  Plaintiff timely appealed.  The Appeals

08   Council vacated the decision and remanded the case to an ALJ for further proceedings to

09   resolve issues concerning the specificity of the Residual Functional Capacity (RFC) and the

10   failure to take testimony from a Vocational Expert (VE).  (AR 142-54.)

11     ALJ Dethloff conducted a second hearing on November 9, 2012.  (AR 81-118.)  At

12   that time, he heard testimony from Plaintiff, Plaintiff's mother and a VE.  (AR 81-118.)  On

13   November 23, 2012, the ALJ again issued a decision finding Plaintiff not disabled.  (AR 17-

14   38.)  The Appeals Council denied Plaintiff's request for review on July 21, 2015 (AR 3-8),

15   making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this

16   final decision of the Commissioner to this Court.

17               **<u>JURISDICTION</u>**

18     The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

19   405(g).

20               **<u>DISCUSSION</u>**

21     The Commissioner follows a five-step sequential evaluation process for determining

22   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -2

01  must be determined whether the claimant is gainfully employed.  The ALJ found that Plaintiff

02  had not engaged in substantial gainful activity since December 31, 2007, the alleged onset

03  date.  (AR 20.)  At step two, it must be determined whether a claimant suffers from a severe

04  impairment.  The ALJ found Plaintiff's degenerative disc disease, status-post laminectomy,

05  "pain disorder," depressive disorder, and anxiety disorder to be severe impairments.  (AR 20.)

06  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ

07  found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.

08  (AR 21-22.)

09       If a claimant's impairments do not meet or equal a listing, the Commissioner must

10  assess RFC and determine at step four whether the claimant has demonstrated an inability to

11  perform past relevant work.  The ALJ found Plaintiff capable of performing light work, with

12  the following exertional limitations: he can lift and/or carry 20 pounds occasionally and 10

13  pounds frequently; sit, stand or walk six of eight hours; occasionally stoop and climb ropes,

14  ladders, and scaffolds. (AR 22.)  The ALJ also found that Plaintiff was capable of simple and

15  some detailed tasks up to four to five steps.  He could have interaction with supervisors and

16  up to five co-workers, and perform non-collaborative work in a larger population.  (AR 22.)

17  He could interact with the general public "only in superficial social roles."  (AR 22.) With

18  that assessment, the ALJ found Plaintiff able to perform his past relevant work as a bartender

19  and waiter.  (AR 35.)  Based on VE testimony, the ALJ also found Plaintiff capable of the

20  representative occupations of production line solderer, hotel/motel housekeeper, semi-

21  conductor dye loader, and table worker.  (AR 36.)  As a result, Plaintiff was not disabled.

22  (AR 36-38.)

01        This Court's review of the ALJ's decision is limited to whether the decision is in

02 accordance with the law and the findings supported by substantial evidence in the record as a

03 whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

04 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

05 reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

06 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

07 supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

08 F.3d 947, 954 (9th Cir. 2002).

09        Plaintiff contends that the ALJ (1) improperly rejected medical opinion evidence, (2)

10 failed to provide germane reasons to reject the lay testimony of Plaintiff's mother, and (3)

11 erred at steps four and five of the disability analysis. Dkt. 19-1 at 1.  According to Plaintiff,

12 these errors should be remedied by remand for payment of benefits, or, in the alternative,

13 further proceedings. Dkt. 19-1 at 18.  The Commissioner argues that the ALJ's decision has

14 no legal errors, is supported by substantial evidence and should be affirmed.  Dkt. 22 at 16.

15                                Medical Evidence

16        The ALJ is responsible for determining credibility and resolving ambiguities and

17 conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

18 Where the medical evidence in the record is not conclusive, "questions of credibility and

19 resolution of conflicts" are solely the functions of the ALJ. *Sample*, 694 F.2d at 642.  In such

20 cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec.*

21 *Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the

22 medical evidence "are material (or are in fact inconsistencies at all) and whether certain

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

01 factors are relevant to discount" the opinions of medical experts "falls within this

02 responsibility." *Id*. at 603.

03       The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

04 opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

05 1996). Where, as here, a treating or examining physician's opinion is contradicted, that

06 opinion "can only be rejected for specific and legitimate reasons that are supported by

07 substantial evidence in the record." *Id*. at 830-31. Generally, a treating physician's opinion is

08 given more weight "since these sources are likely to be the medical professionals most able to

09 provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)." 20 C.F.R. §

10 404.1527(c)(2). These opinions are given controlling weight if they are well supported by

11 diagnostic techniques and not inconsistent with the substantial evidence in the record. 20

12 C.F.R. § 404.1526(c)(2).

13       *1.   Thomas Tocher, M.D.*

14       Plaintiff contests the ALJ's rejection of the evidence provided by his treating

15 physician, Dr. Thomas Tocher. Dr. Tocher submitted a letter in December 2010 detailing

16 Plaintiff's impairments. "Mr. Gates has chronic pain secondary to chronic low back

17 pain…He has continued residual left lower extremity pain and weakness. He should be

18 considered to have a failed laminectomy syndrome." (AR 773.) Dr. Tocher then assessed

19 Plaintiff's limitations including difficulty standing, walking or sitting for long periods of time;

20 he can stand/sit/walk approximately 30 minutes at any one time; during the course of a day

21 he can sit for two hours, stand for two hours, and walk for one hour; he cannot bend, squat,

22 kneel, crawl, or climb; he cannot work at unprotected heights or around moving machinery

01  due to poor balance; and he can occasionally lift/carry six to ten pounds.  (AR 773.)  Dr.

02  Tocher also provided an "estimate of physical capacities" with similar limitations.  (AR 774.)

03  In rejecting Dr. Tocher's opinion, the ALJ cited conclusory opinions that are unsupported or

04  contradicted by objective medical evidence.  (AR 27-28.)

05         Dr. Tocher gave a brief description of Plaintiff's back injury, pain level, and

06  medication, and then assessed severe limitations and opined that Plaintiff could not "engage

07  in substantial gainful employment on a continuous basis 8 hours a day 5 days a week."  (AR

08  773-74.)    But, he provided no clinical findings or objective evidence to support his

09  conclusions.   This lack of such support is a specific and legitimate reason to reject a

10  physician's opinion.   "[A]n ALJ need not accept the opinion of a doctor if that opinion is

11  brief, conclusory, and inadequately supported by clinical findings."  *Bayliss v. Barnhart*, 427

12  F.3d 1211, 1216 (9th Cir. 2005.)  This holds true for a treating physician, such as Dr. Tocher,

13  whose opinion must be supported by diagnostic techniques to be given controlling weight. 20

14  C.F.R.  §  404.1527(c)(2).    Here, the record included no such diagnostic measures to

15  demonstrate Plaintiff's limitations.

16         Additionally, the treatment notes from multiple office visits showed no objective

17  testing that would support the severe assessment.  (AR 724-26, 783-85.)  In fact, the notes

18  contradicted the severity of the limitations. The office notes described Plaintiff in "moderate

19  discomfort" or "no apparent distress." (AR 724-26, 783-85).  He walked with an antalgic gait

20  and a cane.  (AR 724-26, 783-85).   Physical exam revealed a healed laminectomy scar,

21  weakness in the lower left extremity, including hip flexors and knee extensors/flexors, and

22  absent left patella reflex."  (AR 725.)  While Plaintiff "walks slowly and stiffly with a cane,"

01 nothing in Dr. Tocher's notes showed that Plaintiff experiences such discomfort that he can

02 sit, stand, or walk for only 30 minutes at any one time, and only sit for two hours, stand for

03 two hours, or walk for one hour during a full workday as assessed.  (AR 773.)  This

04 discrepancy between a physician's opinion and clinical notes and observations "is a clear and

05 convincing reason for not relying on the doctor's opinion."  *Bayliss*, 427 F.3d at 1216.

06     Although Dr. Tocher was Plaintiff's treating physician, his severe assessment was

07 conclusory and unsupported by clinical findings, as well as inconsistent with his clinical

08 observations.  The ALJ noted these failures, which provided specific and legitimate reasons

09 for rejecting the opinion.  The ALJ did not err by giving little weight to this opinion.[2]

10     *2.  Don Schimmel, Ph.D.*

11     Dr. Don Schimmel provided five separate psychological assessments after evaluating

12 Plaintiff in April 2008 (AR 380-91), February 2009 (AR 422-27) January 2010 (AR 604-15),

13 December 2010 (AR 797-803), and December 2011 (AR 808-14).  Dr. Schimmel consistently

14 _____

15 [2] While the ALJ did not err in rejecting Dr. Tocher's opinion for the reasons cited, the Court
must note the ALJ's inappropriate and unsupported attack on Dr. Tocher's medical judgment.
16 The ALJ stated that "there is no predicate at all for Dr. Tocher's comment that the claimant
cannot be exposed to any inhaled agents such as dust, fumes and gases.  This calls into
17 question either that he has poor medical judgment, or is functioning as an advocate.  In any
event, the functional assessment by Dr. Tocher is so exaggerated as to be non-credible on its
18 face." (AR 27.)  This severe criticism seemingly stems from the ALJ's misunderstanding of
Dr. Tocher's assessment.  In response to a form question as to whether Plaintiff needed
19 restrictions on activities involving exposure, Dr. Tocher wrote, "none."  (AR 774.)  The ALJ
apparently interpreted "none" to mean that Plaintiff could have no exposure.  However, the
20 Court interprets this "none" to mean that Plaintiff had no restrictions on exposure.  Regardless
of the interpretation, without evidence of actual impropriety an ALJ "may not assume that
21 doctors routinely lie in order to help their patients collect disability benefits.  *Lester,* 81 F.3d
at 832.  Additionally, ALJ Dethloff's rhetoric concerning Dr. Torcher's medical judgment is
22 inflammatory and unnecessary.

01  assessed Plaintiff as markedly or severely impaired in several cognitive and social factors,

02  including ability to exercise judgment and make decisions, relate appropriately to co-workers

03  and supervisors, and tolerate the pressures and expectations of a normal work setting.  (AR

04  382, 424 611, 800, 809.)  In December 2010, Dr. Schimmel opined that Plaintiff's medication

05  seemed be helping and he appeared to be more stable. (AR 800.)  But, Dr. Schimmel also

06  found, "[w]hile he once managed a restaurant, at this time he seems only able to manage a

07  simple daily routine." (AR 800.)

08      The ALJ rejected Dr. Schimmel's assessments.  "Dr. Schimmel's reports are carefully

09  considered, because they could represent a longitudinal picture of the claimant's functioning.

10  However, I do not find them persuasive."  (AR 30.)  The ALJ rejected Dr. Schimmel's

11  opinions because "he seems to have based his opinions largely on the claimant's subjective

12  reports."  (AR 30.)  Additionally, the ALJ noted that the marked and severe ratings are

13  inconsistent with the results of various mental status examinations that show "mostly intact

14  functioning." (AR 30.)

15      As noted above, this discrepancy between a physician's opinion and clinical notes and

16  observations "is a clear and convincing reason for not relying on the doctor's opinion."

17  *Bayliss*, 427 F.3d at 1216.  Here, the mental status examination results belie the marked and

18  severe psychological ratings.  For example, in December 2010, Plaintiff performed serial 7's,

19  followed a three step command, and showed intact insight, judgment, and thinking.  (AR 802-

20  03.)  At that time, he could remember three objects immediately, two after five minute delay,

21  and two after a ten minute delay, as well as repeat seven digits forward and six digits

22  backward.  (AR 803.)  Despite this performance, Dr. Schimmel opined that Plaintiff's

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -8

01    "concentration and memory appear uneven" and rated his ability to learn new tasks and

02    perform routine tasks without undue supervision as markedly impaired. (AR 800.)

03          Similarly, in February 2009, Plaintiff could follow a three step command and

04    remember three objects immediately and after delays of five and ten minutes. (AR 426-27.)

05    Dr. Schimmel opined that Plaintiff's cognitive factors were "likely affected by anxiety—but

06    not evidenced in this eval." (AR 424.) Despite the lack of evidence, Dr. Schimmel rated

07    Plaintiff as markedly impaired in his ability to learn new tasks and follow complex

08    instructions, and severely impaired in his ability to perform routine tasks. (AR 424.)

09          As shown by these examples, the mental status examination results in the record do

10    not support Dr. Schimmel's assessments. While Plaintiff undoubtedly suffers from

11    impairments in his social and cognitive functioning as a result of his mental condition, the

12    mental status exam results were not consistent with the marked and severe ratings assigned by

13    Dr. Schimmel. The ALJ properly considered these discrepancies and did not err by giving the

14    opinions little weight.

15                            <u>Lay Evidence</u>

16          Plaintiff's mother, Sandra Proffitt, gave testimony and provided a written third party

17    function report concerning her son's impairments. (AR 26-79, 112-18, 317-24.) Descriptions

18    by friends and family members in a position to observe a claimant's symptoms and daily

19    activities have routinely been treated as competent evidence." *Sprague v. Bowen*, 812 F.2d

20    1226, 1232 (9th Cir. 1987). A germane reason is required to reject such evidence. *Dodrill v.*

21    *Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).

22          Ms. Proffitt  reported that Plaintiff could not do housework (AR 72), and confined

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -9

01  himself in his bedroom where he spent most of the day sitting or lying down.  (AR 115.)  She

02  witnessed his pain and frequent falls.  (AR 72, 115.)   He was depressed and confused,

03  needing frequent reminders to shower, go to appointments, and take the proper dosage of his

04  medicine.  (AR 112-16, 319, 321.)  The ALJ dismissed Ms. Proffitt's evidence due to

05  inconsistency with the medical evidence and the appearance that "the claimant is amassing

06  considerable benefit from the behavior that his mother observes."  (AR 32.)  Additionally, the

07  ALJ stated that he discounted Ms. Proffitt's evidence for the same reasons he found Plaintiff's

08  testimony not credible.  (AR 32.)

09         Regardless of the validity of the ALJ's reasoning as to the specifics for rejecting Ms.

10  Proffitt's evidence, the Court must affirm the ALJ's treatment of this lay witness.[3]   "Where

11  the ALJ rejects a witness's testimony without providing germane reasons, but has already

12  provided germane reasons for rejecting similar testimony, we cannot reverse the agency

13  merely because the ALJ did not 'clearly link his determination to those reasons.'"  *Molina v.*

14  *Astrue*, 674 F.3d 1104, 1121-2 (9th Cir. 2012) (internal citation omitted).   In this case, Ms.

15  Proffitt's evidence reiterated Plaintiff's testimony about the severity of his pain, physical

16  limitations, and mental impairments.  The ALJ found Plaintiff's statements concerning his

17  impairments lacking in credibility.  (AR 31-34.)  Plaintiff does not contest this finding.  Dkt.

18  19-1 at 1.  Because Plaintiff does not challenge the credibility determination, the ALJ's

19  reasons for discrediting Plaintiff's statements about the severity of his impairments are

20  legitimate and also support the rejection of Ms. Proffitt's evidence covering the same

21

22  [3] The Court notes that ALJ Dethloff's finding that Plaintiff "is amassing considerable benefit from the behavior that his mother observes" is unsupported by the record.  There is no evidence of malingering or secondary gain motivation.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -10

01  symptoms.  Therefore, the ALJ provided a germane reason for rejecting this lay witness

02  evidence.  There is no error.

Steps Four and Five

04       Finally, Plaintiff asserts that the ALJ improperly determined that he could return to his

05  past relevant work or perform the cited representative occupations at step five.  Dkt. 19-1 at

06  17.  Because Plaintiff fails to argue this assignment of error with any specificity, the Court

07  will not consider the issue.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161

08  n.2 (9th Cir. 2008).  Furthermore, these claims are merely a restatement of the previously

09  addressed arguments concerning the properly discounted evidence.  As a result, no error is

10  established.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-6 (9th Cir. 2008).

**CONCLUSION**

12       For the reasons set forth above, this matter is AFFIRMED.

13       DATED this 8th day of September, 2015.

*Richard A Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -11